UNITED STATES BANKRUPTCY COURT
FOR THE
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE:                                                                CHAPTER 13

   William Craig Overton
   Olivia Nicole Overton
                                                         BANKRUPTCY NO. 20-20152

   Debtors

## AGREED ORDER RESOLVING MOTION TO TERMINATE STAY AND ABANDONMENT

Movant, ACAR Leasing LTD., (hereinafter "Creditor"), William Craig Overton and Olivia Nicole Overton (hereinafter referred to as Debtor(s)), by and through the undersigned counsel, and the Trustee and having resolved the Motion to Terminate the Automatic Stay and Abandonment previously filed herein by Creditor, hereby advise the Court as follows;

IT IS HEREBY AGREED, STIPULATED AND ORDERED AS FOLLOWS:

1. The Creditor has a valid, perfected and enforceable security interest in the following described collateral: 2018 Chevrolet Silverado 1500  VIN: 2GCVKREC4J1103449.

2. The amounts Debtor(s) owe to the Creditor are identified in Creditor's Proof of Claim previously filed herein.

3. The amounts Debtor(s) owe to the Creditor are to be paid under the provisions of the Chapter 13 plan, but there was a default on the payments at the time the Creditor filed its Motion to Terminate the Automatic Stay and Abandonment.  Payments to the Creditor by the Debtor(s) are: Direct

4.  The Debtor(s) acknowledge the account is past due for a total of $4,000.63; representing the contractual payments or partial payments due for the months of December 2019 through September 2020 as well as an outstanding county tax debt that was due July 28, 2020.

5.  The Debtor(s) ongoing contractual payments in the amount of $699.10 are due on or before the third day of each month beginning with the October 2020 payment. Additionally, the parties agree that Creditor shall be allowed to continue to enforce the remaining portions of the contract between them to the extent not inconsistent herewith, including, but not limited to Creditor's right to access a late charge for any delinquent payments.

6.  It is further agreed that should the Debtor(s) fail to provide and maintain in full force and effect insurance on the Creditor's security during the pendency of the repayment of the debt(s) owed to Creditor, showing Creditor as loss payee, and subject to any other requirements or restrictions set forth in the contract(s) between the parties or other Orders of this Court, then: The Creditor may file a Notice of Default. Debtor(s) shall then have a 10 day calendar grace period from the date that Notice of Default is filed with the Court to provide proof of continuous insurance coverage with no lapse in coverage as that coverage is defined in this paragraph, above. Failure to provide proof of such continuous coverage within the 10 calendar day grace period will result in the immediate termination of the automatic stay without further order of the Court upon Creditor filing Notice of Noncompliance that shall terminate the stay immediately notwithstanding B.R. 4001(a)(3) without further notice or hearing.

7.  Creditor is awarded attorney fees of $325.00 and costs of $181.00. Fees and costs to be paid by the Debtor(s) directly to Creditor as part of the cure payment.

8.  Arrears. As of October 1, 2020, the arrearage owed by Debtor(s) to the Creditor equals $4,000.43 of which $2,583.13 are pre-petition arrears and $1,417.50 are post-petition arrears.

Debtor(s) shall cure the pre-petition arrears by modifying the plan and placing said arrears within the bankruptcy plan.  Debtor(s) shall cure the post-petition arrears of $1,417.50 and pay attorney fees and costs ($506.00) within thirty days of the entrance of this Agreed Order. Failure to make the cure payment will result in the termination of the §362 automatic stay upon Creditor filing a Notice of Default and then after a 10-day period a Notice of Noncompliance that shall terminate the stay immediately notwithstanding B.R. 4001(a)(3) without further notice or hearing. There is no grace period for cure payments.

9.     A default shall not be deemed cured unless funds sufficient to pay all past due payments, interest, late charges and any other fees or charges authorized by the contract(s) between the Debtor(s) and Creditor (including, but not limited to attorney fees and costs, where applicable), have been received by Creditor before the expiration of any grace period.  The undersigned counsel, nor anyone in counsel's firm, shall be considered Creditor's agent for receipt of the funds necessary to affect a cure nor any other payments on the debt(s) owed to Creditor by Debtor(s).  Any payment(s) to the undersigned counsel or counsel's firm shall be ineffective as a cure under this agreement, or satisfaction of the contractual monthly payment, unless agreed to, in writing, in advance of the payment of any such amount(s).  Said writing must be signed by Debtor(s), or their counsel and Creditor's counsel to be effective.

10.    The parties agree and acknowledge that the terms of this Agreed Order will not survive the closure, termination, dismissal or conversion of the Debtor's bankruptcy case.

11.    The terms of this agreement resolve the basis of Creditor's Motion for Relief/Terminate the Automatic Stay and are within the scope of said Motion.  The motion afforded reasonable notice of the material provisions of this agreement, provided the parties receiving said motion an opportunity to request a hearing and object, so further notice is not required.

THIS AGREED ORDER TENDERED BY:

**Reimer Law Co**.

By: /s/ C. Wesley Pagles
C. Wesley Pagles (#96817)
Counsel for Creditor
9300 Shelbyville Road, Suite 1000
Louisville, KY 40222
502-371-0060
502-371-0061 – fax
Reimer.ecf@reimerlaw.com

HAVE SEEN AND AGREED:

/s/ Nathan J. Kohler (via email permission 10/05/2020)
Counsel for Debtors
Nathan J. Kohler
Steiden Law Offices P.C.
411 Madison Avenue
Covington, KY 41011
513-888-8888
nkohler@steidenlaw.com

/s/ Cheryl E. James, attorney for trustee (via email permission 10/08/2020)
Trustee
Beverly M. Burden
P.O. Box 2204
Lexington, KY 40588
859-233-1527

_____
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Tuesday, October 13, 2020**
(tnw)